**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4467-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ARCHIBALD TOMLINSON,
a/k/a ARCHIBALD
TOMLINSON JR., ARCHIBOLD
TOMLINSON, ARCHIBALD
TOMLYNSON, ARCHIE
TOMLINSON, DASHER
TOMLINSON, and THOMAS
BROWN,

    Defendant-Appellant.

_____

Submitted May 4, 2021 – Decided June 7, 2021

Before Judges Fisher and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. 14-03-0157.

Joseph E. Krakora, Public Defender, attorney for appellant (Howard W. Bailey, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Andre R. Araujo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Indicted in five sequentially-numbered counts for first-degree robbery, N.J.S.A. 2C:15-1; second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and 2C:15-1; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); and first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3(a)(1), defendant Archibald Tomlinson pleaded guilty to first-degree robbery of a store in Vineland during which he brandished a revolver. He forwent a direct appeal but filed a petition for post-conviction relief (PCR). He appeals from the denial of that PCR petition arguing:

> THE [PCR] COURT ERRED IN DENYING . . . DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS, AND PETITIONS FOR [PCR].

A-4467-18

B. DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO INVESTIGATE THE CASE, DEVELOP A DEFENSE STRATEGY, AND FAILED TO MEANINGFULLY COMMUNICATE WITH DEFENDANT BY MEETING WITH HIM AT THE JAIL.

Reviewing the factual inferences drawn by the PCR judge and his legal conclusions de novo because he did not conduct an evidentiary hearing, State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), and considering "the facts in the light most favorable to . . . defendant," State v. Preciose, 129 N.J. 451, 463 (1992), we affirm because defendant did not establish a prima facie case of ineffective assistance of counsel under the test set forth in Strickland v. Washington, 466 U.S. 668 (1984),[1] to warrant an evidentiary hearing, see Preciose, 129 N.J. at 462-63; see also R. 3:22-10(b).

---

[1] To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." 466 U.S. at 687; accord State v. Fritz, 105 N.J. 42, 58 (1987). A defendant who has entered a guilty plea must satisfy the second prong by establishing "a reasonable probability that" the defendant "would not have pled guilty" but for counsel's errors. State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).

A-4467-18

Defendant claims his trial counsel failed to (1) "meet with him to discuss the case," visiting him just once; (2) "investigate the improprieties of" a detective he alleges "was corrupt and had fabricated evidence"; and (3) "develop a defense strategy as the trial approached." He avers counsel's lack of preparation caused him to "believe[] he could not proceed to trial" because he "had no confidence that trial counsel would provide him with a meaningful defense after never investigating a detective's background and explaining what would take place at a trial." He claims he would have proceeded to trial if "trial counsel properly prepared for trial and communicated what defense strategies were going to be employed."

We note defendant swore under oath during the plea colloquy that trial counsel had answered all his questions and he was satisfied with counsel's representation. "Defendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation." Blake, 444 N.J. Super. at 299.

Moreover, defendant has not proffered "specific facts and evidence supporting his allegations." State v. Porter, 216 N.J. 343, 355 (2013). He has not divulged what defense counsel failed to discuss or what defense strategies counsel should have employed at trial. Nor did he explain how any discussions

A-4467-18

or strategy would have impacted the outcome of the trial or his decision to forgo trial and plead guilty, satisfying the second Strickland-Fritz prong.

Likewise, if a defendant claims trial counsel "inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (citing R. 1:6-6). Again, "bald assertions" of deficient performance are insufficient to support a PCR application. Ibid.; see also Porter, 216 N.J. at 355. In other words, a defendant must identify what the investigation would have revealed and demonstrate the way the evidence probably would have changed the result. Fritz, 105 N.J. at 64-65 (citations omitted). Defendant has made nothing more than a bald, non-specific assertion as to what an investigation of the detective would have revealed. Plainly, he has not performed the investigation he complains his counsel neglected.

Defendant argues his PCR "counsel should at least have been provided with the opportunity[] to present evidence at an evidentiary hearing." "[I]n order to establish a prima facie claim [to warrant an evidentiary hearing], a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. Defendant failed to

meet that threshold. See Preciose, 129 N.J. at 462-63; R. 3:22-10(b). Furthermore, an evidentiary hearing cannot be used to explore PCR claims. See State v. Marshall, 148 N.J. 89, 157-58 (1997). As such, an evidentiary hearing was properly denied.

To the extent not addressed, we determine the remainder of defendant's arguments to be without sufficient merit to warrant discussion.[2] R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Defendant mentions that counsel failed to advise defendant of a plea offer, counsel was biased because defendant had requested new counsel prior to the entry of his guilty plea and defendant had filed an ethics complaint against counsel. But those arguments were not developed. Indeed, defendant does not detail any of those arguments. Not only is "[a]n issue not briefed on appeal deemed waived," Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011), so too is an issue raised "[i]n a single sentence in [the] brief" deemed waived, N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015).

A-4467-18